PETROPLUS, JUDGE:
The Board of Architects, a State agency, has requested that the above styled claims be referred to this Court for an advisory determination concerning the legal or equitable status of the claims against the State of West Virginia. Since the facts relating to these claims are identical and relate to travelling expenses incurred by the members of the West Virginia Board of Architects during the fiscal year of 1972-1973, the claims have been consolidated for the purpose of securing *81 an advisory opinion from this Court.
The claims have been filed with the Clerk with a full statement of the facts and vouchers supporting the travel expenses of the Board members both for in-state as well as out-of-state travel accompany the petition for an advisory determination. The Attorney General’s Office filed an answer admitting that the claimants under Claims Numbered D-703, D-704, and D-705 represent in part expenditures made by members of the Board in attending a meeting of the National Council of Architectural Boards in Atlanta, Georgia. The trip did not end until July 1, 1973, and it was impossible for the claimants to submit vouchers for payment of their expenses until after the 1st day of July, 1973, although the expenditures were made during the preceding fiscal year. No effort was made to encumber the funds of the Board during the fiscal year which ended June 30, 1973. It is admitted by the respondents that the claims were lawfully incurred, were reasonable and necessary and that they should be paid as petitioned by the claimants. The portion of the claims representing travel expense incurred within the State of West Virginia is admitted to have been properly authorized and that funds were available in the appropriate accounts for the payment in satisfaction of the claims. The Board has sufficient funds representing collections of fees for the payment of these expenses and the general revenue of the State is not involved in the payment and discharge of the claims.
Upon an informal consideration of the claims without a hearing, the Court makes an advisory determination that the claims are valid and enforceable obligations of the West Virginia Board of Architects and as such should be paid.
A copy of this Opinion shall be transmitted to the officer who referred the claim to the Court for an advisory opinion.
The Court determines that all of the claims representing both instate and out-of-state travel are proper, and legal obligations of the West Virginia Board of Architects.
Claim No. D-703 is allowed in the amount of $434.26.
Claim No. D-704 is allowed in the amount of $668.20.
Claim No. D-705 is allowed in the amount of $338.36.
Claim No. D-706 is allowed in the amount of $134.04.
Claim No. D-707 is allowed in the amount of $87.46.